**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LINO PENA-CHAVEZ, | No. 10-73345 |
| Petitioner, | Agency No. A095-663-004 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2013[**]

Before:    PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Jose Lino Pena-Chavez, a native and citizen of Nicaragua, petitions for

review of a Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011), and we deny the petition for review.

Substantial evidence supports the BIA's determination that Pena-Chavez failed to demonstrate his experiences in Nicaragua rose to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (death threats did not compel finding of past persecution). Absent a showing of past persecution, Pena-Chavez does not have a rebuttable presumption of future persecution. *See* 8 C.F.R. § 208.13(b)(1). Substantial evidence also supports the BIA's finding that Pena-Chavez failed to demonstrate a well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). Consequently, his asylum claim fails.

Because Pena-Chavez did not establish his eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir. 2000).

Finally, substantial evidence supports the BIA's denial of CAT protection because Pena-Chavez failed to establish it is more likely than not he will be

10-73345

tortured by or with the consent or acquiescence of the Nicaraguan government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**